UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OLYMPIA JOYCE A.,[1]

                                             Plaintiff,               5:21-cv-429 (BKS)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,[2]

                                             Defendant.
_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman
United States Attorney
Hugh Dun Rappaport
Special Assistant United States Attorney
Social Security Administration
J.F.K. Federal Building, Room 625
Boston, MA 02203

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Plaintiff Olympia Joyce A. filed this action under 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

[2] Pursuant to Fed. R. Civ. P. 25(d), the current Acting Commissioner of Social Security, Kilolo Kijakazi, has been substituted in place of her predecessor, Commissioner Andrew Saul.

applications for Supplemental Social Security Income ("SSI") and Social Security Disability Insurance ("SSDI") Benefits. (Dkt. No. 1). The parties' briefs, filed in accordance with N.D.N.Y. General Order 18, are presently before the Court. (Dkt. Nos. 17, 20, 23). While both parties agree that the Administrative Law Judge ("ALJ") improperly assessed a medical opinion, they disagree as to whether this matter should be remanded for further administrative proceedings or for the calculation of benefits. For the following reasons, the Court remands this matter for further administrative proceedings.

## II. BACKGROUND

### A. Procedural History

Because this matter must be remanded, the Court includes only a brief synopsis of the underlying administrative proceedings. Plaintiff applied for SSI and SSDI benefits on October 7, 2015, alleging disability due to a variety of physical impairments with an alleged onset of July 23, 2013. (R. 288–303).[3] Plaintiff's claims were denied initially on December 28, 2015. (R. 108–09). Plaintiff appealed that determination, and a hearing was held before ALJ Kenneth Theurer. (R. 64–107). On February 28, 2018, ALJ Theurer issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 125–34). The Appeals Council subsequently remanded the case, and a new hearing was held before ALJ John Ramos on July 14, 2020. (R. 34–62, 141–43). ALJ Ramos issued an unfavorable decision on July 23, 2020. (R. 13–24). Plaintiff filed a request for review of that decision with the Appeals Council, which denied review on February 10, 2021. (R. 1–6). Plaintiff commenced this action on April 15, 2021. (Dkt. No. 1).

---

[3] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 12), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

B.  **The ALJ's Opinion Denying Benefits**

ALJ Ramos issued a decision on July 23, 2020 and determined that Plaintiff was not disabled under the Social Security Act. (R. 13–24). After finding, as an initial matter, that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2018, (R. 16), the ALJ used the required five-step evaluation process to reach his conclusion.[4]

At step one, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since her alleged disability onset date of July 23, 2013. (*Id.*). At step two, the ALJ determined that Plaintiff had the following severe impairments under 20 C.F.R. §§ 404.1520(c), 416.920(c): "Dandy-Walker syndrome, occipital neuralgia, migraines and a depressive disorder." (*Id.*). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 17).

The ALJ proceeded to determine Plaintiff's residual functional capacity ("RFC")[5] and found that Plaintiff had the RFC "to perform sedentary work" as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a) with additional limitations. (R. 18–19). Specifically,

> she can never climb ladders, ropes or scaffolds, and she can only occasionally perform all other postural activities. She retains the ability to understand and follow simple instructions and direction.

---

[4] Under the five-step analysis for evaluating disability claims:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a severe impairment, (3) that the impairment is not one listed in Appendix 1 of the regulations that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008) (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003)) (internal quotation marks and punctuation omitted). "The claimant bears the burden of proving his or her case at steps one through four," while the Commissioner bears the burden at the final step. *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004).

[5] The regulations define residual functional capacity as "the most [a claimant] can still do despite" her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

3

> She can perform simple tasks with supervision and independently. The claimant can maintain attention and concentration for simple tasks. She can regularly attend to a routine and maintain a schedule. The claimant can relate to and interact with supervisors and coworkers to the extent necessary to carry out simple tasks; however, she should avoid work requiring more complex interaction or joint effort to achieve work goals. The claimant should have no more than incidental contact with the public. She can handle reasonable levels of simple, work-related stress, in that she can make occasional, simple decisions directly related to the completion of her tasks in a job with little daily change in work duties or processes.

(*Id.* (footnote omitted)). In making this determination, the ALJ considered the medical opinions in the record. (R. 19–22). As most relevant to Plaintiff's appeal, the ALJ gave "great weight" to the opinion of James Todd, M.D., the medical expert who testified at the July 14, 2020 hearing. (R. 19–20). The ALJ stated that Dr. Todd "reviewed the record" and has "program and professional expertise," and noted that his opinion was "consistent with that of [consultative examiner] Dr. Lorensen, as well as the clinical findings of record." (*Id.*).

The ALJ gave "partial weight" to the opinion of "clinical assistant instructor Carlos Lopez." (R. 21).[6] The ALJ found that Dr. Lopez's opinions regarding "off-task time and absences [were] purely speculative and based on no objective testing or past experience with [Plaintiff]." (*Id.*; *see* R. 641 (Dr. Lopez's opinion that Plaintiff would be off-task 20% of the workday and would be absent from work more than four days per month due to her migraines)). The ALJ nonetheless gave Dr. Lopez's opinion partial weight because the opinion was "somewhat supported by the record" and "accurately outline[d] the claimant's impairments." (R. 21).

---

[6] The record indicates that Carlos Lopez, M.D., was Plaintiff's treating neurologist, although the ALJ does not reference him as such.

At step four, having determined Plaintiff's RFC, the ALJ determined that Plaintiff was "unable to perform any past relevant work." (R. 22). At step five, relying on the testimony of the vocational expert, the ALJ found that, "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," including the occupations of document preparer, sorter, and addressor. (R. 22–23). Accordingly, the ALJ found Plaintiff "not disabled." (R. 23).

### III.  DISCUSSION

In her brief before this Court, Plaintiff argues that the ALJ "failed to properly weigh and explain his analysis for rejecting restrictions assessed by Dr. Lopez, Plaintiff's treating neurologist." (*See generally* Dkt. No. 17). She concludes her brief by requesting that the Commissioner's decision "be vacated and the case remanded for a directed finding of disability and calculation of benefits, or alternatively, for further administrative proceedings including a *de novo* hearing and new decision." (*Id.* at 16). Defendant "agrees" that the ALJ "did not comply with his obligation to give good reasons for the weight" he assigned to Dr. Lopez's opinion and therefore "requests a remand for further administrative proceedings, including a new hearing and a new decision." (Dkt. No. 20, at 2–3). Defendant argues, however, that Plaintiff has waived a request for a remand solely for an award of benefits by not raising any meaningful argument to support that request and that, in any event, this case does not warrant the "extraordinary" remedy Plaintiff seeks. (*Id.* at 3–6). In reply, Plaintiff argues that she did not waive a request for a remand for an award of benefits and that the same arguments she makes regarding the ALJ's erroneous treatment of Dr. Lopez's opinion also support a request for a remand solely for calculation of benefits. (*See generally* Dkt. No. 23).

5

The decision whether to remand for further proceedings or for a calculation of benefits is within the discretion of the district court. *Butts*, 388 F.3d at 385 (relying on the text of 42 U.S.C. § 405(g) to hold that a district court's remand order is subject to review for abuse of discretion). Factors district courts consider in determining the proper scope of remand include the completeness of the record, the nature of the ALJ's error, the proof of disability in the record, and the likelihood of further delay. Remand for further development of the evidence is appropriate, for instance, where the administrative record contains "gaps" and "further findings would so plainly help to assure the proper disposition of the claim." *Id.* (quoting *Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999)) (brackets omitted); *see also Cherico v. Colvin*, No. 12-cv-5734, 2014 WL 3939036, at *31, 2014 U.S. Dist. LEXIS 112342, at *95 (S.D.N.Y. Aug. 7, 2014) ("Remand is warranted where 'there are gaps in the administrative record or the ALJ has applied an improper legal standard.'" (quoting *Rosa*, 168 F.3d at 82–83)). On the other hand, remand for the calculation of benefits is appropriate when there is "no basis to conclude that a more complete record might support the Commissioner's decision" that the claimant was not disabled. *Butts*, 388 F.3d at 386 (citations and internal quotation marks omitted); *see also Steven C. v. Comm'r of Soc. Sec.*, --- F. Supp. 3d ---, No. 20-cv-6596, 2022 WL 855000, at *6, 2022 U.S. Dist. LEXIS 53223, at *20 (W.D.N.Y. Mar. 22, 2022) (noting that the "standard for directing a remand for calculation of benefits is met where the record persuasively demonstrates the claimant's disability, and there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled" (citations omitted)). Finally, because a remand is within the discretion of a district court, the court may consider "the hardship to a claimant of further delay," *Butts*, 388 F.3d at 387, and whether the Commissioner has

already been afforded "multiple opportunities" to carry her burden, *see Steven C.*, 2022 WL 855000, at *6, 2022 U.S. Dist. LEXIS 53223, at *21 (citations omitted).

Here, the Court concludes that remand for further administrative proceedings is appropriate. First, even if Plaintiff did not waive her request for a remand for calculation of benefits by virtue of her concluding paragraph requesting such relief, her brief nonetheless fails to set forth why the Court should exercise its discretion to remand solely for the calculation of benefits. Plaintiff argues that (1) the ALJ "failed to properly weigh and explain his consideration" of the opinion of her treating neurologist, Dr. Lopez; and (2) the ALJ's error was not harmless because "if the ALJ had adopted the restrictions offered by [] Dr. Lopez, Plaintiff would have been found disabled." (Dkt. No. 17, at 10–16). Plaintiff specifically references Dr. Lopez's opinion that Plaintiff would likely be absent from work due to her migraines more than four days per month and the vocational expert's testimony that "there will be no work" for an individual missing 1.5 days of work per month. (*See id.* (citing R. 60, 641)). However, the Court agrees with Defendant that the argument that Plaintiff would have been found disabled if the ALJ had adopted Dr. Lopez's opinion is "materially different" from the argument that the ALJ was "required" to adopt that opinion or that the record compels a finding of disability. (Dkt. No. 20, at 4).

Significantly, there is evidence in the record which contradicts the off-task time and absenteeism limitations opined by Dr. Lopez. For example, medical expert Dr. Todd testified at the hearing that he did not "see any report that there [were] any ongoing serious headaches" and that he saw no evidence that Plaintiff would be off-task if she had a headache or migraine. (R. 46–51). To support his testimony, Dr. Todd summarized the medical evidence he reviewed, including treatment notes from Dr. Lopez, and noted that the antidepressant Plaintiff was taking

7

was "working" for her headaches and that her occipital neuralgia was "treatable with nerve blocks." (*See id.*). While Plaintiff argues that Dr. Todd's testimony should be discounted, (Dkt. No. 17, at 11–12), the Court concludes that the Commissioner should resolve this conflicting evidence pursuant to the appropriate legal standards in the first instance.

In sum, the parties agree that the ALJ applied an improper legal standard, and the Court cannot say that the record before it provides "persuasive proof of disability" or that further proceedings would "serve no purpose." *Cf. Cherico*, 2014 WL 3939036, at *31, 2014 U.S. Dist. LEXIS 112342, at *95. While the Court is mindful of the lengthy delay in this case, given the conflicting evidence in the record, the Commissioner should evaluate that evidence in the first instance. Accordingly, the Court remands this matter for further administrative proceedings.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED**, and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Decision and Order; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: August 16, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge